UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HUB INVESTMENT CORP. PARTNERS,<br>    *Plaintiff*,<br>    *v.*<br>ALBERT J. LATHAN, *et al.*,<br>    *Defendants*. | Civil No. 3:96cv1346 (JBA)<br><br>January 28, 2015 |

**ENDORSEMENT ORDER**

On January 21, 2015, the Court granted the Estate's unopposed Motion [Doc. # 21] to Vacate the Writ [Doc. # 20] of Execution that had been issued in this case, naming as judgment debtor "Barbara G. Lathan C/O Attorney John Kearns, Fiduciary for Estate of Barbara G. Lathan." (Order Vacating Writ of Execution (the "Order") [Doc. # 22].) As the Court explained, "Connecticut law does not provide for the attachment of estate assets" and instead "creditors seeking payment of denied claims against an estate must resort to the probate process." (*Id.* at 2.)

Notwithstanding the Order, on January 24, 2015, Plaintiff Hub Investment Corp. Partners filed [Doc. # 23] a new Application for and Writ of Execution that was nearly identical to the original Application for and Writ of Execution [Doc. # 19] that the Court

had vacated just three days prior.[1]  On January 26, 2015, the Clerk's Office issued [Doc. # 24] this new Writ of Execution, presumably believing that it was acting pursuant to the authority delegated to it by the Court for some routine matters.  *See, e.g.,* D. Conn. Standing Order on Scheduling in Civil Cases.

In light of the Court's Order and for the reasons set forth therein, the Writ of Execution [Doc. # 24] is VACATED.  Plaintiff is directed to file no further applications in this Court for a writ of execution against the Estate absent authority under Connecticut law or order of this Court.  *See* Fed. R. Civ. P. 11(b)(2) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law . . . .").

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 28th day of January, 2015.

---

[1] The second application named as judgment debtor "Estate of Barbara G. Lathan, C/O Attorney John Kearns, Fiduciary for Estate of Barbara G. Lathan" while the original application named "Barbara G. Lathan C/O Attorney John Kearns, Fiduciary for Estate of Barbara G. Lathan."  Although in a footnote of the two-page Order, the Court ordered the substitution of the Estate for Ms. Lathan due to her death, the Order unambiguously stated that "Connecticut law does not provide for the attachment of estate assets" and therefore Plaintiff's slight amendment to its application for the writ naming the Estate directly rather than "Barbara G. Lathan C/O Attorney John Kearns, Fiduciary for Estate" could not overcome this fatal defect.  (*See* Order at 1–2 & n.1.)